In the Matter of the Application of City Bank Farmers Trust Company, as Trustee of the Trusts Established under an Agreement and Declaration of Trust, Dated March 26, 1928, Known as The Farmers' Loan and Trust Company Investment Fund (Number 1), for an Order of Certiorari, Petitioner, against Mark Graves and Others, as and Constituting the State Tax Commission of the State of New York, Respondents.— This is a certiorari proceeding to review a final determination of the State Tax Commission assessing taxes against petitioner under article 9-A of the Tax Law for the tax years beginning November 1, 1928, to November 1, 1932. By an agreement and declaration of trust, dated March 26, 1928, the petitioner's predecessor, The Farmers' Loan and Trust Company, became trustee of " The Farmers' Loan and Trust Company Investment Fund (Number 1)." The beneficiaries were " all present and future holders of certificates issued and to be issued hereunder." The fund was divided into shares of $100 each, and subscribers became entitled to one share in the fund for each $100 par value of certificates held. The certificates were not transferable in the ordinary way but could be assigned, the assignment vesting the assignee with the right to redeem the certificates. Under this agreement the trustee issued certificates of beneficial interest in large numbers. The instant trust was engaged in business and is, therefore, an entity taxable under article 9-A of the Tax Law. (*People ex rel. Guaranty Trust Co.* v. *Lynch*, 241 App. Div. 638; affd., 265 N. Y. 593.) Determination unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Estate of Loren Strait, Deceased. William Smith, Appellant; Dora Strait and Others, Respondents.— Appeal from decree of the Surrogate's Court of Rensselaer county construing the second paragraph of the last will and testament of Loren Strait, deceased, which paragraph reads as follows: " *Second.* I give, devise and bequeath to my wife Mary E. Strait all my estate, real and personal of every nature for her sole use and benefit, to have and do with as she may please while living; after her death should there be anything left, or, what is left, I direct shall go to our son Walter Strait, if living." Walter Strait, testator's only child, died September 21, 1913, leaving three children him surviving as his only descendants. The testator died November 3, 1929, and Mary E. Strait, the widow, died October 27, 1934. She left a last will and testament devising all of her real estate to a brother, William Smith, appellant here, and who instituted this proceeding, and his wife, Alma Smith, and daughter, Vandora Shuhart. The decree of the Surrogate's Court construed the second paragraph of the will of Loren Strait, deceased, to mean that the widow should have the use of the property therein mentioned during her lifetime and might use any and all of the property in her lifetime if she so desired and that there was no power given her to dispose by will of the real property of which decedent died seized. The surrogate further held that the devise to Walter Strait, the son, failed and testator died intestate as to the same and that the real property consequently descended to the heirs of the testator, namely, his three grandchildren, the children of Walter Strait. Decree modified by striking out the provisions as to costs, and as so modified affirmed. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.